BUCHALTER,
 A Professional Corporation
Buzzi L. Shindler (Sbn: 020001)
Willmore F. Holbrow III (*Pro Hac Vice Application Pending*)
16435 North Scottsdale Road, Suite 440
Scottsdale, Arizona 85254-1754
Telephone: (480) 383-1800
Facsimile: (480) 824-9400
Email: bshindler@buchalter.com;
           wholbrow@buchalter.com

Attorneys for Plaintiff, DATA MOMMA LLC dba PCIHIPAA

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| DATA MOMMA LLC, a California limited liability company, dba PCIHIPAA,<br><br>                    Plaintiff,<br><br>        vs.<br><br>HIGH TECH INNOVATIONS, LLC, a New Jersey limited liability company;<br><br>                    Defendant. | **Case No.**<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br>3. **TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS AND BUSINESS EXPECTANCY**<br>4. **ACCOUNTING**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, DATA MOMMA LLC, a California limited liability company, doing business as PCIHIPAA ("Plaintiff" or "Data Momma"), by and through its attorneys, hereby alleges as follows:

### PARTIES

1.      Plaintiff is, and at all times pertinent to this action has been, a foreign limited liability company duly organized and existing under the laws of the State of California, and having a principal place of business at 2601 Ocean Park Blvd.,

1  Santa Monica, CA 90405.

2      2.    Plaintiff is informed and believes, and on that basis alleges, that

3  Defendant, HIGH TECH INNOVATIONS, LLC ("HTI" or "Defendant") is, and at

4  all times pertinent to this action has been, a foreign limited liability company duly

5  organized and exiting under the laws of the State of New Jersey, and having a

6  principal place of business at 1719 Route 10, #305, Parsippany, New Jersey 07054.

7          **JURISDICTION AND VENUE**

8      3.    This Court has subject matter jurisdiction over this matter pursuant to

9  28 U.S.C. § 1332(a)(2) because the amount in controversy exceeds $75,000.00 and

10  this is an action between a citizen of the State of California and a citizen of the

11  State of New Jersey.

12      4.    Venue is proper in this Court and this Court has personal jurisdiction

13  over HTI because the written agreement at issue provides for exclusive jurisdiction

14  and venue in the State of Arizona as follows:  "This Agreement shall be governed

15  by and construed in accordance with the laws of the State of Arizona (irrespective

16  of its choice of law principles).  The parties hereby agree that any suit to enforce

17  any provision of this Agreement or arising out of or based upon this Agreement or

18  the business relationship between the parties shall be brought in Arizona.  Each

19  party hereby agrees that such courts shall have exclusive personal jurisdiction and

20  venue with respect to such party, and each party hereby submits to the exclusive

21  personal jurisdiction and venue of such courts."

22        **FACTS COMMON TO ALL CAUSES OF ACTION**

23      5.    Plaintiff provides Payment Card Industry (PCI), Health Insurance

24  Portability and Accountability Act (HIPAA), and Occupational Safety and Health

25  Administration (OSHA) compliant data protection services through its proprietary

26  "OfficeSafe" program.

27      6.    On or around June 30, 2014, Plaintiff, on the one hand, and HTI, on

28  the other hand, entered into a written Business Referral Agreement (the

"Agreement"), whereby Plaintiff agreed to offer and provide certain services, including, without limitation, services related to PCI and HIPAA compliance, Cyber insurance, ID restoration and Employee Training (collectively, the "Services"), which Services were not offered by HTI.

7.      The Services were offered to certain entities and/or individuals identified and referred to Plaintiff by HTI in exchange for an initial, upfront compensation and ongoing monthly fees paid to HTI all as more fully set forth in the Agreement at Schedule "A."  A true and accurate copy of the Agreement is attached hereto as **Exhibit 1** and incorporated herein by reference.

8.      Pursuant to the Agreement, HTI agreed to act as a reseller of Plaintiff's Services.

9.      In connection with the aforementioned role, Plaintiff and HTI agreed to engage with various entities and individuals (referred to in the Agreement as "Merchants") in order to determine whether they were interested in purchasing Plaintiff's Services.

10.     In connection with the aforementioned agreement and understanding, as HTI did not offer the Services provided by Plaintiff, Plaintiff provided HTI with proprietary information relating to the Services.

11.     Also in connection with the aforementioned agreement and understanding, Plaintiff contacted, communicated with and explained to the Merchants the benefits of Plaintiff's Services, as part of the sales process.

12.     Merchants interested in receiving the benefits of Plaintiff's Services entered into an agreement with Plaintiff, including its Terms of Use, prior to becoming a client of Plaintiff.

13.     In exchange, Plaintiff agreed to use commercially reasonable efforts to provide the Services, directly or through third party vendors, and maintain and administer the Services in a fashion consistent with its practices in effect at the relevant time.

14.    With respect to compensation, the Agreement provides that HTI shall be entitled to receive:  (1) an initial, upfront commission equal to $200.00 per agreement entered into by a Merchant for Plaintiff's Services; and (2) monthly fees equal to the amount of any additional fees charged to each Merchant greater than the monthly cost of the Services charged by Plaintiff.

15.    Plaintiff and HTI further understood and agreed that HTI would directly bill each Merchant for the costs associated with Plaintiff's Services and deduct any amounts HTI was entitled to receive under the Agreement from the monies paid by each Merchant to HTI.  All remaining monies were then directly paid by HTI to Plaintiff on a monthly basis.

16.    For approximately seven (7) years, Plaintiff provided the Services to numerous Merchants – amounting to approximately sixty-five (65) Merchants as of May 2021.

17.    Throughout the tenure of providing the Services to the Merchants, Plaintiff never received any meaningful complaints, from HTI or otherwise, about the Services, prior to April 2021.

18.    On or around April 8, 2021, HTI sent Plaintiff a letter (the "Termination Letter") stating that HTI was cancelling the Agreement effective May 7, 2021.  A true and accurate copy of the Termination Letter is attached hereto as **Exhibit 2** and incorporated by reference herein.

19.    With respect to the term of the Agreement, paragraph 4 provides: "The initial term of this Agreement shall be for a period of one (1) year, commencing on the date first set forth on the application.  This Agreement shall thereafter be automatically renewed for additional terms of one (1) year each unless either party notifies the other no later than thirty (30) days prior to the end of the current term that it does not wish to renew this Agreement." (collectively, the "Contract Term Provisions").

20.    Accordingly, the Agreement could not have been terminated by HTI

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 46248392v1

until at least June 30, 2021, since the Agreement was initially executed on June 30, 2014.

21.     Further, Plaintiff is informed and believes, and thereon alleges, that shortly after sending the Termination Letter, HTI began:  (i) offering competing services to certain Merchants, (ii) causing or inducing Merchants to do business with one of Plaintiff's competitors, (iii) causing or inducing Merchants to cease doing business with, reduce business with, or divert business from Plaintiff, and (iv) interfering with the relationship between Merchants and Plaintiff, all in express violation of Paragraphs 10(a) and (b) of the Agreement, which provide in relevant part:

"(a) During the period from the date of this Agreement to and including the fifth (5th) anniversary of the date of the termination of this Agreement, [HTI] shall not, directly or indirectly, through any agent or representative, on behalf of itself or any other person or entity, in any capacity whatsoever, without the prior written consent of [Plaintiff] (i) cause or induce any Merchant to do business with any competitor of [Plaintiff] or to cease doing business with, reduce business with, or divert business from [Plaintiff], or (ii) in any way interfere with the relationship between any of the Merchants, on the one hand, and [Plaintiff], on the other hand, or attempt to do any of the foregoing.

(b) For each violation of the prohibitions set forth in Subsection 10(a) above, [Plaintiff] shall have the right to collect a default fee from [HTI] equal to:  (i) the product of (x) 24, and (y) the average monthly, gross revenue (before the payment of compensation to [HTI]) received by [Plaintiff] from the subject Merchant's activity over the three most recent months in which such Merchant actively paid [Plaintiff].  In addition, five violations of Subsections 10(a) above within a six (6) consecutive month period shall be deemed to be an Event of Default by [HTI] under this Agreement, thus giving [Plaintiff] the right to terminate this Agreement immediately on written notice to [HTI]" (collectively, the "Limitation Provisions").

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 46248392v1

## FIRST CLAIM FOR RELIEF

### Breach of Contract – Against defendant HTI

22.     Plaintiff re-alleges and incorporates here by this reference each of the allegations set forth in paragraphs 1 through 21 hereof, inclusive, as if fully set forth here.

23.     The Agreement is a valid, binding, and enforceable contract.

24.     Plaintiff performed all the promises, covenants, and conditions it agreed to perform in accordance with the terms of the Agreement, except for those promises, covenants, and conditions excused by the acts or omissions of the HTI.

25.     The Agreement, including, without limitation, the Contract Term Provisions and the Limitation Provisions, create contractual duties owed by HTI to Plaintiff.

26.     The Agreement, including, without limitation, the Limitation Provisions, impose reasonable restrictions and limitations on HTI.

27.     The Contract Term Provisions and the Limitation Provisions were negotiated between the parties and were provided in consideration of an incident to the Agreement.

28.     Events of default by HTI have occurred under the Agreement, including, but not limited to, (a) HTI's improper and untimely efforts to cancel the Agreement more than one month before the contractually agreed upon termination date pursuant to the Contract Term Provisions, (b) HTI's failure to make the monthly payments due to Plaintiff, including, without limitation, those due on May 1, 2021 and June 1, 2021, and (c) HTI's ongoing efforts to (i) offer competing services to certain Merchants who benefitted from Plaintiff's Services, (ii) cause or induce Merchants to do business with one of Plaintiff's competitors or a company offering similar Services, (iii) cause or induce Merchants to cease doing business with, reduce business with, or divert business from Plaintiff, and (iv) interfere with the relationship between Merchants and Plaintiff, in violation of the Limitation

**COMPLAINT**

BUCHALTER
A Professional Corporation
Los Angeles

BN 46248392v1

Provisions of the Agreement.

29.     As a result of the aforementioned defaults and breaches of contract, Plaintiff has been damaged in an amount to be proven at trial, but in any event, no less than $300,000.00, plus interest thereon at the legal rate allowed under the Agreement and/or as provided by law.

30.     As a result of the aforementioned wrongful acts and conduct, HTI has, as a direct and proximate result, damaged and continues to damage Plaintiff, for which HTI is liable.

31.     Included among the damages inflicted upon Plaintiff by the aforementioned wrongful acts and conduct of HTI, are damages for which there is no adequate remedy at law, which if allowed unabated, will result in irreparable harm to Plaintiff.

32.     In addition, Plaintiff is entitled to an order from the Court permanently enjoining HTI from performing any act or engaging in any conduct in violation of the Agreement for such additional period of time as is necessary to give effect to the original agreement of the parties.

33.     As a direct and proximate result of the aforementioned wrongful acts and conduct, HTI must be compelled to disgorge any and all revenue, business and profits derived and through its violation of the Agreement.

34.     As a direct and proximate result of the aforementioned wrongful acts, conduct and breach of contract by HTI, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost profits, future profits, dilution in value and lost investment, lost business goodwill and additional damages in an amount to be proven at trial.

35.     This is an action arising under contract and Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred herein pursuant to contract, A.R.S. §§ 12-341 and/or 12-341.01.  Paragraph 9 of the Agreement provides in pertinent part that, "[i]n any action arising from the alleged breach of this

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 46248392v1

Agreement, or to enforce this Agreement, the final prevailing party will recover its reasonable attorneys' fees, costs, and expenses." Plaintiff has employed the law firm of Buchalter, a Professional Corporation, for the purpose of instituting and prosecuting this action and is entitled to an aware of its reasonable attorneys' fees and costs should it prevail.

## SECOND CLAIM FOR RELIEF

### Breach of the Implied Covenant of Good Faith and Fair Dealing –
### Against defendant HTI

36.   Plaintiff re-alleges and incorporates here by this reference each of the allegations set forth in paragraphs 1 through 35 hereof, inclusive, as if fully set forth here.

37.   Arizona law implies a covenant of good faith and fair dealing in every contract, which prohibits a party from doing anything to prevent the other party to the contract from receiving the benefits and entitlements of the contract.

38.   By committing the acts described herein, and in particular those acts and conduct described above, HTI has breached its implied duty of good faith and fair dealing under the Agreement.

39.   Furthermore, HTI has breached the covenant of good faith and fair dealing by doing the wrongful acts and conduct that have been heretofore alleged and all of which undermine the benefits and entitlements owed under the Agreement to Plaintiff.

40.   As a result of HTI's conduct, Plaintiff has been damaged in an amount to be proven at trial, but in any event, no less than $300,000.00, plus interest thereon at the legal rate allowed under the Agreement and/or as provided by law.

41.   This is an action arising under contract and Plaintiff is entitled to recover its reasonable attorneys' fees and costs incurred herein pursuant to the Agreement, A.R.S. §§ 12-341 and/or 12-341.01.

## THIRD CLAIM FOR RELIEF

**Tortious Interference with Contractual Relations and Business Expectancy – Against defendant HTI**

42.     Plaintiff re-alleges and incorporates here by this reference each of the allegations set forth in paragraphs 1 through 41 hereof, inclusive, as if fully set forth here.

43.     HTI has at all material times herein been knowledgeable of the relationships and expectancies of Plaintiff with Merchants pursuant to the Agreement and otherwise.

44.     HTI has intentionally and wrongfully interfered with the contractual relationships of Plaintiff with Merchants.

45.     HTI has intentionally and wrongfully interfered with the existing and prospective contractual rights of Plaintiff without a legitimate and lawful basis and with ill-will toward Plaintiff.

46.     The aforementioned acts and conduct were improper as to motive and means.

47.     As a direct and proximate result of the aforementioned wrongful acts and conduct, HTI has damaged and is liable to Plaintiff.

48.     As a direct and proximate result of the aforementioned wrongful acts and conduct, HTI is liable to Plaintiff for the intentional and tortious interference with contractual relationships and business expectancies of Plaintiff.

49.     As a direct and proximate result of the aforementioned acts and conduct by HTI, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost profits, future profits, dilution in value and lost investment, lost business goodwill and additional damages in an amount to be proven at trial.

50.     Upon information and believe, the aforementioned acts and conduct by HTI constitute malicious and/or despicable conduct and has subjected Plaintiff to cruel and unjust hardship in conscious disregard of its rights so as to justify an

**COMPLAINT**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 46248392v1

award of exemplary and punitive damages.

51.     Plaintiff is further entitled to, and hereby does and will seek recovery of its attorneys' fees, costs and expenses pursuant to the Agreement, A.R.S. §§12-341 and 12-341.01, and/or as may otherwise be allowed or authorized by law.

### FOURTH CLAIM FOR RELIEF

**Accounting –**

**Against defendant HTI**

52.     Plaintiff re-alleges and incorporates here by this reference each of the allegations set forth in paragraphs 1 through 51 hereof, inclusive, as if fully set forth here.

53.     HTI owes a duty to Plaintiff to account for all opportunities and profits that HTI wrongfully usurped and misappropriated by committing the wrongful acts and conduct described herein.

54.     The extent of such opportunities, profits and amounts due cannot be ascertained without an accounting as to the means of which are within the knowledge of HTI.

55.     Alternatively, calculation of the amounts due to Plaintiff from HTI is so complicated that an ordinary legal action demanding a fixed sum is impractical.

56.     HTI has committed the aforementioned wrongful acts and conduct and equity requires that HTI account for all amounts due Plaintiff.

57.     Plaintiff is entitled to a complete accounting from HTI regarding the revenue earned through the wrongful acts and conduct described herein and an accounting of the business and proceeds therefrom wrongfully taken, misappropriated, usurped and converted by HTI.

58.     Plaintiff is further entitled to, and hereby does and will seek recovery of its attorneys' fees and costs pursuant to the Agreement, A.R.S. §§12-341 and 12-341.01, and/or as may otherwise be allowed or authorized by law.

**WHEREFORE,** Plaintiff, DATA MOMMA LLC, a California limited

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

BN 46248392v1

liability company, dba PCIHIPAA, prays for judgment as follows:

1.   For damages according to proof in an amount in excess of $300,000.00 to be determined at trial, together with interest thereon at the maximum rate permitted by the Agreement and/or as permitted by law;

2.   For any and all other damages, actual, compensatory, consequential, incidental and punitive to be proven at trial, together with interest thereon as permitted by law;

3.   For equitable relief;

4.   For an accounting;

5.   For costs of suit, including reasonable attorneys' fees, costs and expenses;

6.   For attorneys' fees and costs related to any collection effort of monetary damages due or enforcement actions for any equitable relief entered; and

7.   For such other relief as the Court may deem just and proper.

DATED:  July 20, 2021                   BUCHALTER,
                                        a Professional Corporation


                                        By:_____
                                            BUZZI L. SHINDLER
                                            WILLMORE F. HOLBROW III
                                            Attorneys for Plaintiff
                                            DATA MOMMA LLC, dba PCIHIPAA

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff DATA MOMMA LLC, a California limited liability company,

3

doing business as PCIHIPAA, hereby requests a jury trial on all issues so triable.

4

5

DATED:  July 20, 2021                    BUCHALTER,
                                         a Professional Corporation

6

7

8

By:_____
                 BUZZI L. SHINDLER
                 WILLMORE F. HOLBROW III
                 Attorneys for Plaintiff
                 DATA MOMMA LLC dba PCIHIPAA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28